IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

ALAN HUTZEL,

      Plaintiff,

      v.

COWETA COUNTY,
OFFICER JONATHAN KEEBLE,
in his individual capacity,
OFFICER WARREN CAMPBELL,
in his individual capacity,
JOHN DOE

      Defendants.

CIVIL CASE NO.:

## **COMPLAINT FOR DAMAGES**

This is a civil rights action under 42 U.S.C. § 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution and Georgia law. Alan Hutzel ("the Plaintiff") alleges that he was illegally and unconstitutionally detained and arrested by Defendants Officer Jonathan Keeble of the Coweta County Sheriff's Office, Officer Warren Campbell, and John Doe, and maliciously

prosecuted in violation of the Fourth Amendment of the United States Constitution and Georgia law. Plaintiff also alleges that he was arrested and prosecuted in retaliation for the exercise of his First Amendment rights, and that Defendant Coweta County has an unconstitutional policy and practice of providing inadequate training to its officers which resulted in the false arrest  and malicious prosecution that is the subject of this suit. Finally, Plaintiff alleges that a final policy maker within Coweta County ordered the arrest of the Plaintiff and insisted on his prosecution as a result of Plaintiff's First Amendment protected activity.

## PARTIES

1.

Plaintiff Alan Hutzel is a resident of the State of Georgia, United States citizen, and over the age of eighteen.

2.

Defendant Jonathan Keeble is an Investigator employed by the Coweta County Sheriff's Office. The headquarters of the Coweta County Sheriff's Office are located at 560 Greison Trail, Newnan, Georgia 30263 in Coweta County,

Georgia. Defendant Keeble may be served at this address. At all times relevant to this lawsuit, Defendant Keeble acted under the color of law. Defendant Keeble is sued in his individual capacity.

3.

Defendant Warren Campbell is a Captain employed by the Coweta County Sheriff's Office. The headquarters of the Coweta County Sheriff's Office are located at 560 Greison Trail, Newnan, Georgia 30263 in Coweta County, Georgia. Defendant Campbell may be served at this address. At all times relevant to this lawsuit, Defendant Campbell acted under the color of law. Defendant Campbell is sued in his individual capacity.

4.

Defendant Coweta County ("the County") is a political subdivision of the State of Georgia, which has the capacity to sue and be sued. The County can be served at: 22 East Broad Street, Newnan, Georgia 30263. At all times relevant to this lawsuit, Defendant Coweta County acted under the color of law.

5.

Defendant John Doe is an individual employed by Coweta County who had a final policy making authority within the County in terms of directing law enforcement officers to arrest individuals at the April 21, 2018 protest subject to this lawsuit including the arrest of the Plaintiff.  Defendant John Doe will be served when identified at an address determined at such time. At all times relevant to this lawsuit, Defendant John Doe acted under the color of law. Defendant John Doe is sued in his individual capacity.

6.

All defendants reside in the Northern District of Georgia.

**JURISDICTION AND VENUE**

7.

This case presents a federal question and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

8.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court can entertain an

action to redress a deprivation of rights guaranteed by the United States Constitution, and the Court has jurisdiction under 28 U.S.C. § 1367 to hear an action to redress a deprivation of rights guaranteed by the laws and the Constitution of the State of Georgia.

9.

This Court has personal jurisdiction of the Defendants under 28 U.S.C. § 1367 and GA. CONST., art. I, § 1, ¶¶ V, XIII.

10.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because all actions complained of occurred within the boundaries of this judicial district and Defendants reside within this district.

11.

All of the parties herein are subject to the jurisdiction of this Court.

12.

Attorney's fees are authorized under 42 U.S.C. § 1988.

## FACTUAL ALLEGATIONS

### 13.

On April 21, 2018 a Rally of the National Socialist Movement (Neo-Nazi) was held in Newnan, Georgia. In response to this rally several individuals who oppose Neo-Nazi ideology turned out to protest the rally (protesters).

### 14.

Plaintiff Alan Hutzel planned to be one of the participants at this protest. Before the protest began a group of the would be protesters started to gather in the area of Jackson Street and Clark Street in Newnan, Georgia. This location where protesters were gathering was approximately three quarters of a mile away from the Neo-Nazi rally.

### 15.

During this preliminary gathering and before protesters even started to make their way toward the location of the Neo-Nazi rally a Coweta County Sheriff's Office SWAT team led by Defendant Campbell approached the protesters.

### 16.

During this time of gathering protesters were not doing anything illegal and

certainly were not violent. In fact just minutes before the SWAT team approached protesters sang "Happy Birthday!" to a party on the porch of a house in front of which the protesters were gathering.

17.

Despite that – as the SWAT team of six, lead by Defendant Campbell approached the protesters – Defendant Campbell, informed the group of protesters that they could in fact gather but would have to remove their masks. Defendant Campbell repeated this order approximately ten more times and also stated to the group that they were in violation of state law.

18.

The group of protesters responded by chanting.

19.

Defendant Campbell's order to remove masks was illegal under Georgia Supreme Court case law that has been in place for over a quarter century. Arrest and prosecution for wearing a mask are only allowed if an additional element of the crime is present – that element being the wearing of the mask with an intent to intimidate. Mere wearing of a mask without more is not a crime under Georgia law.

7

Yet Defendant Campbell simply stated to the crowd that wearing a mask (without any qualification) is a violation of Georgia law and that if they fail to remove their masks they will be arrested.

20.

Soon thereafter a decision was made to arrest all individuals that were wearing masks regardless of whether the intent to intimidate element was present with regards to any of the arrested individuals.

21.

One of the individuals arrested was plaintiff Alan Hutzel. Mr. Hutzel was wearing a bandana over his face at the time of the arrest. Plaintiff Hutzel was not doing anything illegal to warrant the arrest and was not wearing his mask with intent to intimidate. Mr. Hutzel was merely standing around in a crowd of protesters that were in the process of gathering and preparing to walk toward the Neo-Nazi rally. The reason Plaintiff Hutzel wore the bandana was to protect himself from being identified by members of the Neo-Nazi movement and retaliated against.

22.

While Defendant Campbell gave the order to remove masks Defendant Keeble was the officer who actually physically arrested the Plaintiff. Defendant Keeble arrested Plaintiff pursuant to the illegal order of Defendant Campbell. Defendant Keeble knew or should have known that there is a clearly established law that has been announced by the Supreme Court of Georgia over a quarter century ago which prohibits arresting individuals for merely wearing a mask without intent to intimidate. Defendant Keeble arrested the Plaintiff despite of and in contravention of that law when he could have prevented the Plaintiff from being arrested by not arresting him.

23.

For his part Defendant Keeble stated that he was able to observe in the front of the crowd a subject later identified as Alan Hutzel, wearing a bandana covering his face from the eyes down. According to Defendant Keeble Plaintiff Hutzel was standing only feet from Defendant Campbell who was continuing to instruct individuals to remove their masks. Defendant Keeble then approached Hutzel, grabbed him, and forced him to the ground, at which point Defendant Keeble

arrested Plaintiff Hutzel.

24.

After arrest Defendant Keeble located in Hutzel's possession a back pack with miscellaneous medical supplies and water.

25.

Subsequently Defendant Keeble applied for a warrant. In the warrant affidavit Defendant Keeble swore that "After being told multiple times to remove a bandana covering his face continued to conceal his identity until taken into custody." The affidavit does not allege an intent to intimidate – an element of the crime. As such the affidavit does not in fact allege that a crime has been committed. Despite that – the arrest warrant was issued on April 24, 2018.

26.

At some point prior to the rally and the protest two briefings were conducted for law enforcement personnel at which briefings a plan was discussed for the conduct of law enforcement personnel during the anticipated rally and the protest. The Georgia anti-mask law was discussed at those briefings and law enforcement officers were instructed how to use it. Copies of the Georgia law were printed and

disseminated to the group of law enforcement officers.

27.

At those briefings Defendant John Doe instructed law enforcement officers to arrest individuals for anti-mask law violation regardless of the presence of the "intent to intimidate" element.

28.

On May 4, 2018 the Coweta County Solicitor's Office formally charged Mr. Hutzel with violating OCGA 16-11-38 – the anti-mask statute. The accusation – like the arrest warrant – only alleged concealment of identity – but not intent to intimidate. Subsequently the accusation was amended – the last amendment being dated June 19, 2019 to add an "intent to intimidate" element allegation and to add a charge of Obstruction in violation of OCGA 16-10-24(a). According to Count 2 of the June 19, 2019 accusation Plaintiff allegedly obstructed Officer Keeble "by failing to remove a mask upon a request to do so by a uniformed officer."

29.

Plaintiff Hutzel was tried before a jury on an amended accusation consisting of two counts: (1) Wearing Mask To Conceal Identity OCGA 16-11-38

(18CR0931-1) and (2) Obstruction Of An Officer OCGA 16-10-24(a) (18CR0931-2). Defendant was found guilty on both counts in the State Court of Coweta County on October 9, 2019.

30.

The offenses for which Plaintiff Hutzel was convicted are: "Wearing Mask To Conceal Identity OCGA 16-11-38" and "Obstruction Of An Officer OCGA 16-10-24(a)." The sentence imposed was as follows: $2,644.00 fine ($1,322.00 on each count), 24 months probation (12 months on each count), 30 days community service on count 1 and prohibition from returning to Coweta County for the duration of probation on count 1.

31.

Plaintiff Hutzel timely filed the notice of appeal of his conviction to the Supreme Court of Georgia on November 7, 2019. To date the appeal has not yet been docketed with the Supreme Court of Georgia.

32.

Plaintiff Hutzel believes his conviction will ultimately be overturned which will bring about a favorable resolution of this case. Plaintiff Hutzel is filing the

present lawsuit at this time in order to preserve the statute of limitations on his

remaining claims and is adding the malicious prosecution claim to this complaint

in the interest of efficiency and judicial economy so as not to have to file a separate

lawsuit only for the malicious prosecution claim after the favorable resolution is

obtained.

## COUNT I
## 42 U.S.C. § 1983: Unlawful Seizure in violation of the Fourth Amendment
## (As to Defendants Keeble, Campbell, and John Doe)

33.

Paragraphs 1 through 32 are hereby re-alleged as if fully pled herein.

34.

The conduct of Defendants Keeble, Campbell, and John Doe in causing and

procuring the arrest and detention of Plaintiff without arguable probable cause

constituted an unreasonable seizure of his person in violation of the Fourth

Amendment.

35.

The law being clearly established in 2018 that an officer of the state cannot

cause someone to be arrested and prosecuted without arguable probable cause,

Defendants are not entitled to qualified immunity.


**COUNT II**
**42 U.S.C. § 1983: Malicious Prosecution in violation of the Fourth Amendment**
**(As to Defendants Keeble and Campbell)**

36.

Paragraphs 1 through 35 are hereby re-alleged as if fully pled herein.

37.

Defendants Keeble and Campbell caused a criminal prosecution to be

initiated against Plaintiff for the offenses of Wearing Mask To Conceal Identity

OCGA 16-11-38" and "Obstruction Of An Officer OCGA 16-10-24(a)

38.

Defendant Keeble not only caused the prosecution to be initiated, and arrest

to be executed, but he caused the prosecution to continue based on his arrest

warrant affidavit and police report such that Mr. Hutzel had to endure a lengthy

criminal prosecution including a jury trial and appeal. Defendant Campbell is

liable for said prosecution due to his ordering, instructing or advising Defendant

Keeble to initiate the arrest and prosecution.

39.

Defendants knew that there was no probable cause to support the charges against Plaintiff, but they persisted in initiating, participating in, and assisting with that prosecution despite the complete lack of probable cause.

40.

Said prosecution was based upon statements by Defendants that were either knowingly false or made with reckless disregard for the truth.

41.

Accordingly, said prosecution was carried on maliciously and without probable cause, and it is expected to ultimately terminate in Plaintiff's favor.

42.

The law being clearly established in 2018 that an officer of the state cannot knowingly make false statements in order to cause someone to be prosecuted for an offense that is not supported by probable cause, Defendants are not entitled to qualified immunity.

## COUNT III
## Municipal Liability
## (As to Defendant Coweta County)

43.

Paragraphs 1 through 42 are hereby re-alleged as if fully pled herein.

44.

Plaintiff timely gave the County ante litem notice.

45.

Coweta County has purchased liability insurance that provides coverage and indemnification for liability arising from the operations of the Coweta County Sheriff's Department and the conduct of law enforcement officers employed by the County. That policy was in effect at all times relevant to this complaint.

46.

The purchase of liability insurance constitutes a limited waiver of sovereign immunity by Coweta County.

47.

The County's insurer did not respond to Plaintiff's ante litem notice.

48.

During the course of their employment and while fulfilling their official

duties, Defendants Keeble, Campbell, and John Doe disregarded clearly

established law that a person may not be arrested or prosecuted without probable

cause, said actions resulting in a false arrest and malicious prosecution, as well as

retaliation for First Amendment protected activity.

49.

The County is liable for the actions of Defendants Keeble, Campbell, and

John Doe under the doctrine of respondeat superior for violations of State law.

Under that doctrine, the County is not entitled to present a defense of official

immunity.

50.

The County is also liable under the Monell doctrine due to its failure to

provide proper training and because there was a decision by a final policy maker to

arrest Mr. Hutzel or to conduct arrests in cases such as Mr. Hutzel's.

## COUNT IV
## O.C.G.A. § 51-7-40: Malicious Prosecution
## (As to Defendants Keeble and Campbell)

51.

Paragraphs 1 through 50 are hereby re-alleged as if fully pled herein.

52.

Officers Keeble and Campbell initiated a criminal prosecution against Mr.

Hutzel for two misdemeanor offenses, and they knew or should have known that

no arguable probable cause existed to believe that Mr. Hutzel had violated those

laws or committed any crime recognized by law.

53.

Officers Keeble and Campbell initiated and maintained the arrest and

prosecution of Mr. Hutzel with malice, as interpreted under Georgia law.

54.

This criminal prosecution is expected to terminate in favor of Mr. Hutzel.

55.

As a result of the arrest and prosecution, Mr. Hutzel has suffered physical,

emotional, mental and financial injury, entitling him to recover nominal,

compensatory and punitive damages against Defendant Officers Keeble and

Campbell for the loss of his rights under this claim, in an amount to be determined

by the enlightened conscience of the jury.

**COUNT V**
**42 U.S.C. § 1983: First Amendment Retaliation in violation of the First**
**Amendment**
**(As to Defendants Keeble, Campbell and John Doe)**

56.

Paragraphs 1 through 55 are hereby re-alleged as if fully pled herein.

57.

Defendants deliberately initiated and or caused arrest and prosecution

against this Plaintiff because Plaintiff exercised his rights to free speech and

participated in a protest. Plaintiff Hutzel would not have been arrested but for his

exercise of his First amendment rights.

58.

Defendants' actions were meant to punish the Plaintiff for his exercise of his

First Amendment rights and to prevent him from further speaking and continuing

to protest by abruptly cutting him off and arresting him.

59.

The intentional actions of Defendants in falsely accusing Plaintiff of two

misdemeanor crimes interfered with Plaintiff's right of freedom of speech and

expression in violation of the First Amendment to the US Constitution.

60.

The law being clearly established in 2018 that an officer of the state cannot

make false statements or make an arrest to retaliate against a person for their

exercise of freedom of speech, Defendants are not entitled to qualified immunity.

61.

Mr. Hutzel alleges that he was arrested when otherwise similarly situated

individuals not engaged in the same sort of protected speech or expression had not

been arrested.

62.

Mr. Hutzel alleges that no person has been arrested for wearing a mask under

similar circumstances when they were not engaged in the type of protected speech

Mr. Hutzel was engaged in. Mr. Hutzel further alleges that a decision was made by

Defendant John Doe and instructions given during the briefings to arrest

individuals for wearing a mask regardless of whether an intent to intimidate element is present. Such decision and instructions were made with the purpose of suppressing the protest of which Mr. Hutzel was a part.

63.

Had Mr. Hutzel not been protesting Officers Keeble and Campbell would not have arrested him. This is evidenced by the common knowledge that officers typically exercise their discretion not to arrest in cases of people wearing masks even when probable cause is present. Mr. Hutzel asks that the Court take judicial notice of same or allow Mr. Hutzel to gather evidence of such typical exercise of discretion during discovery. Mr. Hutzel alleges that Officer Keeble had no arguable probable cause to arrest him for any crime and nothing in this complaint should be construed as an admission or allegation that arguable probable cause existed for any crime.

**DAMAGES**

64.

Paragraphs 1 through 63 are hereby re-alleged as if fully pled herein.

65.

As a direct and proximate result of the above described conduct of Defendants, Plaintiff was unreasonably and unlawfully arrested and prosecuted without probable cause and as a retaliation for exercising his First Amendment rights, was imprisoned and deprived of his liberty, was subjected to physical restraint, confinement, and mental suffering and emotional distress that is expected to continue into the future, and was forced to incur other economic and non-economic losses for which Defendants are liable to Plaintiff in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

66.

The aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of them.

67.

Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 28 U.S.C. §1988.

**WHEREFORE**, Plaintiff demands the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiff and against each Defendant for nominal, special, compensatory and punitive damages for each violation of the Plaintiff's constitutional rights in an amount to be determined by the enlightened conscience of fair and impartial jurors;

c) That Plaintiff be awarded attorney's fees and reasonable expenses of litigation;

d) That all costs of this action be taxed against Defendants; and

e) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 21st day of April, 2020.

/s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange
Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com